**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**

May 29, 2009

Charles R. Fulbruge III
Clerk

No. 07-11161
Summary Calendar

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

P J MORANTE

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:07-CR-41-4

Before WIENER, STEWART, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Defendant-Appellant P. J. Morante and four co-defendants were indicted on one count of conspiring to possess and distribute more than five kilograms of cocaine, in violation of 21 U.S.C. §§ 846, 841(a)(1), (b)(1)(A), and one count of possessing with intent to distribute more than five kilograms of cocaine, in violation of 21 U.S.C. § 841(a)(1), (B)(1)(A) and 18 U.S.C. § 2. A jury found Morante guilty of both counts, and the district court sentenced Morante to 327 months in prison, which was the top of the advisory guideline range.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Morante contends that the evidence was insufficient to support the jury's verdict that he conspired to possess and distribute cocaine. Morante specifically contends that he did not know that cocaine was the object of the conspiracy and that he conspired with someone other than his named co-conspirators to deliver marijuana. Morante's arguments are unavailing.

According to the trial testimony, one of the co-conspirators, Raul Perez, Jr., contacted another co-conspirator, Patricia Reyes-Rios, who agreed to supply Perez with 24 kilograms of cocaine. Reyes-Rios and Morante delivered the cocaine as instructed and, upon arriving at the meeting location, Morante encouraged the buyer, who was a confidential informant, to sample the cocaine.

Considering all the evidence in the light most favorable to the verdict, a rational juror could have found that the evidence established beyond a reasonable doubt that Morante and at least one other person agreed to violate federal narcotics laws, that Morante had knowledge of the agreement, and that Morante voluntarily participated in the agreement. *See United States v. Mendoza*, 226 F.3d 340, 343 (5th Cir. 2000).

Morante's counsel also argues that the district court erred when it imposed an upward departure based on its finding that Morante obstructed justice during his trial by perjuring himself. However, the record reflects that the district court did not impose an upward departure in the instant case. Rather, the district court enhanced Morante's base offense level by two levels based on its finding that Morante obstructed justice by perjury. *See* U.S.S.G. § 3C1.1. To the extent Morante challenges the enhancement, his argument is unavailing.

As noted above, the government's witnesses testified that Reyes-Rios and Morante (1) were contacted about supplying the cocaine, (2) agreed to supply the cocaine, and (3) delivered the cocaine to the video store. The government's witnesses also testified that Morante told the buyer to sample the cocaine and that Morante had twice supplied cocaine to the Perez family in previous transactions. Morante testified that he thought he was delivering marijuana at

the behest of a person named Beto rather than the named co-conspirators. Morante also denied having ever supplied cocaine to the Perez family. However, Morante twice conceded that he told the buyer to sample the cocaine.

The district court found that Morante intentionally lied about a material matter when he testified that he thought he was delivering marijuana, not cocaine. *See* § 3C1.1, comment. (n.6). The district court also found that Morante intentionally lied about his previous cocaine transactions with the Perez family. *See United States v. Wild*, 92 F.3d 304, 308-09 (5th Cir. 1996). In light of the record as a whole, the court did not clearly err in finding that Morante had perjured himself. *See United States v. Creech*, 408 F.3d 264, 270-71 (5th Cir. 2005).

Finally, Morante's counsel argues that the district court erred when it imposed an upward departure and when it used counts that had been dismissed under the terms of a plea agreement to determine Morante's sentence. Counsel's arguments are without merit since no upward departure was imposed, no counts against Morante were dismissed, and Morante never entered into a plea agreement.

AFFIRMED.